UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN BUCK, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:08-CV-1619 (JCH) |
| | : | |
| v. | : | |
| | : | |
| AT&T SERVICES, INC., | : | AUGUST 11, 2010 |
|    Defendant. | : | |

**RULING RE: PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. No. 58)**

Plaintiff, John Buck ("Buck") moves the court to reconsider its Ruling on Defendant's Motion for Summary Judgment. See Ruling Granting Summ. J. (Doc. No. 57). Buck alleges that the court overlooked and failed to credit material facts which, having been considered, would have resulted in a denial of summary judgment. For the reasons that follow, Buck's Motion is denied.

**I.  STANDARD OF REVIEW**

There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). Such a motion should not be granted where the moving party seeks solely to re-litigate an issue already decided. See Brophy v. Northrop Grumman Corp., 55 F. App'x 590, 593 (2d Cir. 2003). "'[R]econsideration will generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court.'" Id. (second and third alterations in original) (quoting Shrader v. CSX Transp.,

1

Inc., 70 F.3d 255, 257 (2d Cir.1995)).

## II. DISCUSSION[1]

In his Motion, Buck alleges that the court failed to consider facts material to the court's Ruling issuing summary judgment. See Pl.'s Mot. for Recons. at 1 (Doc. No. 58). However, with the exception of one statement made in Buck's affidavit, everything plaintiff addresses in his Motion was considered directly by this court in its Ruling. For example, Buck claims that the court did not consider notes that he made of a telephone conversation between him and Elaine Arnotti, on June 22, 2006. See id. at 3. The court explicitly discussed this conversation, however, and found it did not support plaintiff's allegations.[2] See Ruling Granting Summ. J. at 13-14.

Buck is correct that one paragraph ("Paragraph 11") from his affidavit was not directly addressed in the court's opinion.[3] In Paragraph 11, Buck states, "I asked that my position be transferred to the Resource Pool in July, 2006 and my request was refused." Aff. of John Buck at ¶ 11, Ex. 1 to Pl.'s First L.R. 56(a)(2) Stmt. (Doc. No. 51). In its original Ruling, the court found that "Buck [did] not cite any evidence" supporting his claim that he "requested a transfer to the Resource Pool." Ruling Granting Summ. J. at 12. While the court acknowledges that Paragraph 11 was not relied on its Ruling, it nonetheless denies Buck's Motion for Reconsideration for two reasons: (1) Buck did

---

[1] The court assumes familiarity with the facts and procedural posture of the case. See generally Ruling Granting Summ. J.

[2] Buck also incorrectly claims that the court considered the incorrect Rule 56(a)(2) Statement. While the court indicated the wrong docket number in its original Ruling, it is quite clear from the references throughout the opinion that the correct Rule 56(a)(2) Statement was under consideration. Plaintiff's original statement was obviously filed in error, as the majority of it was completely blank.

[3] Buck incorrectly states that the court never cited to his affidavit. See Ruling Granting Summ. J. at 15.

2

not rely on Paragraph 11 in his briefs or his Final Rule 56(a)(2) Statement in support of his claim that such a request was made, and (2) the court's conclusion in its original Ruling would not be altered by reconsideration in light of the statement in Paragraph 11.

### A. Buck Did Not Rely on Paragraph 11

The court is not obligated to "perform an independent review of the record to find proof of a factual dispute." In re Agent Orange Prod. Liability Litig., 517 F.3d 76, 91 n.14 (2d Cir. 2008). While the court has discretion to peruse the documents presented to it, "it is not required to consider what parties fail to point out." Monahan v. N.Y.C. Dep't of Corrs., 214 F.3d 275, 292 (2d Cir. 2000). Plaintiff is required by the Local Rules to include with his Local Rule 56(a)(2) Statement a list of "Disputed Issues of Material Fact." See D. Conn. L. Civ. R. 56(a)(2). Each fact in this statement must include a "specific citation" to the record; failure to follow these rules can result in the deeming of contrary facts admitted, if supported by the evidence. See D. Conn. L. Civ. R. 56(a)(3). These rules are "designed to place the responsibility on the parties to clarify the elements of the substantive law which remain at issue because they turn on contested facts." Monahan, 214 F.3d at 292.

The court notes that over 600 pages were filed between the parties with respect to this summary judgment motion. Nowhere in Buck's list of "Disputed Issues of Material Fact" did he make the claim that he requested a transfer to the Resource Pool. The only place in his Final Rule 56(a)(2) Statement that Buck cited to Paragraph 11, was in paragraph 20 of Buck's list of "Disputed Issues of Material Fact." See Final L.R. 56(a)(2) Stmt. at 10, ¶ 20 (Doc. No. 52). There plaintiff stated that, "The defendant unreasonably discriminated against the plaintiff by placing him in a position in which he

3

would be terminated . . . , instead of offering him the alternative of the Resource Pool." Id. The plaintiff did not assert in this paragraph that he requested such a transfer, only that an offer of transfer should have been made.

At several points in his Opposition, Buck asserted that he requested a transfer to the Resource Pool. See Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. J. at 3-4, 17 (Doc. No. 50). However, he does not once cite in his Memorandum to Paragraph 11 (or to paragraph 20 of his "Disputed Issues of Material Fact") to support this allegation. The court's treatment in its Ruling (finding that "Buck [did] not cite any evidence" supporting his claim) resulted from a careful analysis of each of the citations that Buck actually included. Compare Ruling Granting Summ. J. at 12-15, with Opp. at 17. Having failed to find support in plaintiff's citations, the court was not obligated to search for an alternative source of support in the hundreds of pages submitted to it. See In re Agent Orange, 517 F.3d at 91 n.14. The error in this instance was Buck's, and the court will not reconsider its Ruling to correct his mistake.

B. Buck's Statement, If Considered, Would Not Produce a Different Result

The court will not grant a motion to reconsider where it would not be reasonably expected to alter its previous decision. Brophy, 55 F. App'x at 593. While the court did state in its Ruling that "Buck [did] not cite any evidence" supporting his claim that he "requested a transfer to the Resource Pool," Ruling Granting Summ. J. at 12, the court went on to note that, in order to meet his burden, Buck must have requested such a transfer as an accomodation, see id. at 14-15. Even in light of Paragraph 11, the court finds the evidence insufficient to indicate that Buck requested a transfer for the purpose of accommodating his disability. Buck does not make this claim in Paragraph 11, and,

4

given the function of the Resource Pool, such an inference cannot reasonably be drawn. See id. at 13 (finding that the evidence and plaintiff's admissions make clear that the Resource Pool was an "alternative for employees who did not find another position, . . . a group which did not include Buck"). Since reconsideration of the court's Ruling is unlikely to result in a different conclusion, even if Paragraph 11 was properly cited to in plaintiff's papers, the court will deny plaintiff's Motion.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Reconsideration (Doc. No. 58) is denied.

**SO ORDERED**.

Dated this 11th day of August, 2010, at Bridgeport, Connecticut.

                                                            _/s/ Janet C. Hall_____
                                                            Janet C. Hall
                                                            United States District Judge